|                          |                          |
|--------------------------|--------------------------|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF PUERTO RICO  |                          |

JANETT GONZALEZ,
   Plaintiff,

   v.

THE CHILDREN'S PLACE, et al.,

   Defendants.

Civil No. 06-1254 (JAF)

**O R D E R**

Plaintiff, Janett González, brings the present diversity action against Defendants, The Children's Place; The Children's Place Barbados, Inc.; PMA Corporate Services, Inc. ("PMA"); the unnamed owners of The Children's Place; and various unnamed insurance companies, alleging violations of Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §§ 5141-42 (1991 & Supp. 2004), when, allegedly due to negligence, a six-foot long metal pole fell and struck her in the face while she shopped at The Children's Place's Guaynabo, Puerto Rico, location while she was vacationing on the island. Docket Document No. 1.  Before this court is PMA's April 24, 2006, motion to dismiss, arguing that it cannot be liable for the damages alleged in Plaintiff's complaint because its only relationship to The Children's Place is as its resident agent in Puerto Rico, viz., to receive summons and complaints against the store. Docket Document No. 5.  Because PMA believes that Plaintiff's claim against it is, therefore, frivolous, it also asks this court to award it relevant

Civil No. 06-1254 (JAF)                                                              -2-

costs and attorney's fees.[1]  Id.  Finally, PMA argues that Plaintiff's complaint is barred by the statute of limitations.  Id.

In her May 5, 2006, response to PMA's motion to dismiss, Plaintiff requests a fifteen-day extension of time to further investigate the substance of PMA's argument as to its relationship with The Children's Place.  Docket Document No. 7.  According to Plaintiff, she will present a voluntary motion to dismiss her claim against PMA if she discovers that PMA is, in fact, only The Children's Place's resident agent for purposes of service.  Id.

PMA does not object to Plaintiff's request for a time extension, Docket Document No. 9, and so we grant it.  We hereby **ORDER** Plaintiff to file her complete response to PMA's motion to dismiss **by May 22, 2006.**  We observe, however, that PMA has indicated that it will continue to seek relevant costs and attorney's fees under Rule 11 of the Federal Rules of Civil Procedure even if Plaintiff voluntarily dismisses her claim against it on May 22, 2006, Docket Document No. 9, and so we remind Plaintiff to be sure to brief her position with respect to that issue in her filing.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 17th day of May, 2006.

                                    S/José Antonio Fusté
                                    JOSE ANTONIO FUSTE
                                    Chief U.S. District Judge

---

[1]PMA gave Plaintiff an opportunity to voluntarily dismiss the claim against it without the risk of incurring costs and attorney's fees before it filed its motion to dismiss.  Docket Document No. 5, Exh. 1.